Tom Denney v. The State.

No. 3922.   Decided June 10, 1908.

**Burglary—Statement of Facts—Affidavits—Practice on Appeal.**

Where appellant upon appeal for a conviction of burglary had failed to file a statement of facts and bills of exception within time, affidavits, which were insufficient, tendering the same to be considered as part of the record, could not be considered.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Salliway & McAskill,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The appellant was indicted in the District Court of Bexar County on a charge of burglary. He was convicted in the lower court and his punishment assessed at confinement in the penitentiary for three years.

There is neither bill of exceptions, nor statement of facts in the record. Appellant has filed in this court, through his counsel, affidavits in which he tenders certain bills of exception and a statement of facts and asks that same be considered and treated as part of the record in the case. The record shows that twenty days were allowed and granted parties, after adjournment of the court, within which to prepare and file a statement of facts and bills of exception. Without going into details, which we deem unnecessary, we hold that these affidavits are wholly insufficient to justify us in treating them as part of the record or considering them on appeal.

The indictment in the case charges an offense and the charge of the court conforms to the indictment presented and there is no such error in the record as would justify us, as the matter is presented to us, in reversing the judgment. It is, therefore, ordered that the judgment of the court below be, and the same is hereby in all things affirmed.

*Affirmed.*